IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LASHAE HOUSTON                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:25-CV-74-GHD-DAS

CITY OF STARKVILLE, MISSISSIPPI, ET AL.                               DEFENDANTS

ORDER DENYING MOTION TO AMEND

On October 15, 2025, the plaintiff Lashae Houston, proceeding *pro se*, filed a "Notice" titled "Add Plaintiff" which seeks to "inform the Court that [she] would like to add EDWARD WILSON as a PLAINTIFF" to this action. Doc. 15. The court will construe this filing as a motion to amend. While the plaintiff contends Mr. Wilson was involved in the actions giving rise to the Complaint, the proper mechanism for adding Mr. Wilson as a party to this action is by way of a motion to amend under Federal Rule of Civil Procedure 15(a)(2).

Further, this court's Local Uniform Civil Rules[1] state "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading, and if the motion is granted, the movant must file the amended pleading as a separately docketed item within seven (7) days from entry of the order granting the motion." L.U.Civ.R. 7(b)(2). The plaintiff failed to submit a proposed amended pleading as an exhibit to her motion. Therefore, the motion is DENIED without prejudice, allowing the plaintiff to resubmit her motion to amend under Federal Rule of Civil Procedure 15(a)(2) with a proposed amended complaint attached in accordance with Local Uniform Civil Rule 7(b)(2).

The plaintiff has also filed a documented titled "Memorandum in Support of Plaintiff's Motion for Sanctions for Spoliation of Evidence" [Doc. 14]; however, no accompanying motion

---

[1] The Local Uniform Civil Rules are accessible on the court's website at https://www.msnd.uscourts.gov/court-info/local-rules-and-orders.

has been filed. Local Uniform Civil Rule 7(b) provides "[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this rule." In the absence of a motion, the court will take no action on the Memorandum in Support of Plaintiff's Motion for Sanctions for Spoliation of Evidence.

SO ORDERED, this the 17th day of October, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE