IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LASHAE HOUSTON AND EDWARD WILSON                                    PLAINTIFFS


V.                                                CIVIL CAUSE NO. 1:25-CV-74-GHD-DAS

CITY OF STARKVILLE, MISSISSIPPI ET AL                               DEFENDANTS

ORDER ON MOTIONS

The plaintiffs, proceeding *pro se*, in this action, have filed four motions which are currently pending before the court:

1. Plaintiffs' Master Motion for Terminating Sanctions, or in the alternative, Evidentiary Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2) filed on March 10, 2026;

2. Plaintiffs' Supplemental Motion to Compel and for Terminating Sanctions Based on Systemic Conspiracy to Suppress Evidence filed on March 18, 2026;

3. Plaintiffs' Rebuttal to Defendants' Anticipated Affirmative Defenses and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) filed on March 18, 2026; and

4. Plaintiffs' Motion for Discovery Conference filed on April 13, 2026.

On April 16, 2026, the court held a telephonic status conference with the parties to address the issues raised in these motions. The court's rulings are as follows:

The motions filed on March 10 and 18, 2026 (Doc. 56, 57), concern the defendants' responses to the plaintiffs' discovery requests. Based on the defendants' representation that a substantial number of responsive documents and responses have thus far been produced, the court declines to grant the relief requested. The court acknowledges the plaintiffs' understandable frustration by the defendants' delay in completing discovery and has ordered that all responsive documents and information be provided no later than April 20, 2026. *See* Doc. 76. Finding that evidentiary sanctions are not warranted at this stage in the litigation, the motions are DENIED.

The plaintiffs' *Rebuttal to Defendants' Anticipated Affirmative Defenses and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)* is not well taken as there is no basis for the court to strike the defendants' affirmative defenses of qualified immunity, the *Heck* doctrine, good faith, or the absence of a custom or policy defense as it relates to municipal liability. In pleading affirmative defenses, a defendant is only required to give "fair notice" of its affirmative defenses. *See Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[m]erely pleading the name of the affirmative defense . . . may be sufficient"). While Federal Rule of Civil Procedure 12(f) allows the court to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, the mere fact that the plaintiffs disagree with the affirmative defenses asserted or believe they may be rebutted is not a basis to strike them. The plaintiffs' motion is DENIED.

Finally, the plaintiffs' motion for a discovery conference is moot, as the court conducted a telephonic status conference at the plaintiffs' request on April 16, 2026. As a reminder to the parties, the discovery deadline in this case is June 15, 2026, and the court orders the parties to diligently complete discovery by this deadline.

SO ORDERED, this the 22nd day of April, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE