RECEIVED

JUN 16 2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**ABERDEEN DIVISION**

LASHAE HOUSTON and EDWARD WILSON,
> Plaintiffs,

v.                                              CIVIL ACTION NO. 1:25-CV-74-GHD-DAS

CITY OF STARKVILLE, MISSISSIPPI, et al.,
> Defendants.

---

## PLAINTIFFS' MOTION UNDER RULE 56(d) TO DEFER OR DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 81)

Plaintiffs Lashae Houston and Edward Wilson, proceeding pro se, respectfully move this Court under Federal Rule of Civil Procedure 56(d) to deny, or in the alternative defer ruling on, Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment (Doc. 81), and to permit Plaintiffs a reasonable period of limited discovery before the Court rules. The summary-judgment alternative was filed before the close of the discovery period set by the Court's own Case Management Order, and Plaintiffs cannot presently present facts essential to their opposition because discovery is stayed. In support, Plaintiffs state:

### I. The Summary-Judgment Motion Was Filed Before the Close of Discovery

1.  On December 22, 2025, the Court entered the Case Management Order (Doc. 30), which set the deadline for the completion of discovery as June 15, 2026.

2.  On April 28, 2026 — approximately seven weeks before the close of discovery — Defendants filed their Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment (Doc. 81).

3.  On May 5, 2026, the Court stayed the case (Doc. 88) pending resolution of that motion, which froze discovery before Plaintiffs could complete it. Defendants' counsel has confirmed in writing that, under Local Rule 16(b)(3), the immunity motion stays all discovery pending the Court's ruling.

The result is that Defendants have asked the Court to enter summary judgment on a record that the stay prevents Plaintiffs from completing. Rule 56(d) exists for precisely this situation.

### II. Plaintiffs Have Diligently Pursued Discovery

4. From the outset of this case, Plaintiffs sought to develop the discovery record. In November 2025, before entry of the Case Management Order, Plaintiffs asked Defendants' counsel in writing how to begin the discovery phase and requested that forensic and electronically-stored-information (ESI) discovery be addressed.

5. The Court ordered Defendants to serve discovery responses by February 3, 2026 (Doc. 36). Complete responses were not provided by that date; Defendants did not serve their responses to Plaintiffs' First Set of Interrogatories and Requests for Production until mid-April 2026 (Docs. 75, 77).

6. On April 23, 2026, Defendants' counsel provided supplemental interrogatory answers by email. Those supplemental answers are not verified or sworn. On May 1, 2026, Defendants' counsel stated that the City will not sign off on the supplemental responses until after the Court rules on the pending motion. As a result, the responses on which Plaintiffs would rely remain unverified through the very motion now before the Court.

Plaintiffs' inability to complete discovery is therefore not the product of any lack of diligence on their part. They pursued discovery from the start, the responses arrived late, and the stay now prevents them from obtaining the remaining material.

## III. Defendants' Motion Relies on Matters Outside the Pleadings

Defendants styled their motion as one for judgment on the pleadings under Rule 12(c) or, in the alternative, for summary judgment, and they attached and relied upon evidence outside the pleadings, including audio recordings, body-camera and other video footage, and 911 audio (Doc. 81 and accompanying exhibits).

Under Rule 12(d), when matters outside the pleadings are presented on a Rule 12(c) motion and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Because Defendants rely on evidence outside the pleadings to obtain dismissal, they cannot at the same time deny Plaintiffs the discovery needed to test that evidence.

## IV. Specific Discovery Plaintiffs Cannot Yet Obtain (Rule 56(d))

Rule 56(d) provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to take discovery; or (3) issue any other appropriate order. Plaintiffs identify the following specific, material discovery they cannot presently obtain because of the stay. Each is narrowly directed to the qualified-immunity question — whether a constitutional violation occurred:

(a) Verified, sworn responses to Plaintiffs' interrogatories. Defendants' supplemental answers are unverified, and Defendants have stated they will not be sworn until after

the Court rules. Plaintiffs require sworn responses under Rule 33(b) so that the answers may be relied upon as evidence in opposition to the motion.

(b) A direct answer as to whether the original recording on the camcorder was deleted. Defendants' responses state only that the copy produced as DEF-00868 was not deleted; they do not answer whether the original recording on the device was removed, by whom, when, and by what means — facts material to the lawfulness of the officers' conduct.

(c) The complete chain of custody for the camcorder and its recording. Defendants have admitted no chain-of-custody form exists; Plaintiffs are nonetheless entitled to discovery establishing each person who handled the device and the recording and when, which bears directly on the warrantless seizure and search of the device.

(d) The return-of-property receipt. Defendants have admitted that a return-of-property receipt was presented when the camcorder was returned. That document has not been produced and is necessary to establish the circumstances of the seizure and return.

(e) Limited depositions of the officers who entered the residence and handled the digital evidence, confined to the entry, the seizure and handling of the recording, and the absence of a warrant — matters going directly to the immunity question.

These facts are essential to Plaintiffs' opposition. Defendants have already admitted, in their verified response to Plaintiffs' First Set of Interrogatories, that they possess no warrant for the seizure of Plaintiffs' digital equipment. That admission alone establishes a genuine dispute material to the Fourth Amendment claim. The discovery identified above is necessary to develop the remaining facts that the stay currently places beyond Plaintiffs' reach. At a minimum, the Court should not resolve the motion on a frozen and incomplete record.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that the Court:

- Deny, or in the alternative defer ruling on, Defendants' Motion for Summary Judgment (Doc. 81) under Federal Rule of Civil Procedure 56(d);

- Permit Plaintiffs a reasonable period of limited discovery, tailored to the qualified-immunity question, to obtain the verified responses, chain-of-custody materials, return-of-property receipt, and limited officer depositions described above; and

- Grant such other relief as the Court deems just.

Respectfully submitted, this **12** day of **June**, 2026.


Lashae Houston, Pro Se
3200 Capitol Mall Dr SW, Apt P-102
Olympia, WA 98502


Edward Wilson, Pro Se
3200 Capitol Mall Dr SW, Apt P-102
Olympia, WA 98502

## DECLARATION OF LASHAE HOUSTON AND EDWARD WILSON

We, Lashae Houston and Edward Wilson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of our knowledge:

1. We are the pro se Plaintiffs in this action and have firsthand knowledge of the procedural facts stated below.

2. Defendants' Motion for Summary Judgment (Doc. 81) was filed on April 28, 2026, before the June 15, 2026 deadline for the completion of discovery set by the Case Management Order (Doc. 30).

3. From the beginning of this case, in November 2025, we asked Defendants' counsel in writing how to begin discovery and requested forensic and ESI discovery.

4. The Court ordered Defendants to serve discovery responses by February 3, 2026. Complete responses were not provided by that date and were served in mid-April 2026.

5. The supplemental interrogatory answers provided by email on April 23, 2026 are not verified or sworn, and Defendants' counsel stated on May 1, 2026 that the City will not sign off on those responses until after the Court rules on the pending motion.

6. Because the case is stayed, we cannot presently obtain the verified responses, the answer as to whether the original recording was deleted, the chain-of-custody materials, the return-of-property receipt, or the limited officer depositions described above. We cannot fully present these facts in opposition to Defendants' motion without this discovery.

Declared this ___12___ day of __June__ , 2026.

Lashae Houston: _____

Edward Wilson: _____

## CERTIFICATE OF SERVICE

I certify that on this ___11___ day of __June__, 2026, I served a true and correct copy of the foregoing on counsel for Defendants, H. David (Trey) Clark III and Channing J. Curtis, Phelps Dunbar LLP, 1905 Community Bank Way, Suite 200, Flowood, MS 39232, by [U.S. Mail / method].

11-June-2026

_____
Lashae Houston / Edward Wilson, Pro Se